# Exhibit 2



34-18 Northern Blvd - Suite 2-25
Long Island City, NY 11101

**OFFICE:** (718) 674 - 1245
**FAX:** (516) 453 - 0490

<u>Via Email</u>

July 9, 2021

EOS CCA
700 Longwater Dr
Norwell, MA 02061

Re: Walker, Lissette v. EOS CCA - Index No: 17467-QCV-2021
**STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT**

To Whom It May Concern:

The enclosed Summons and Complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Sincerely,

Subhan Tariq, Esq.

# ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

### Re: Walker, Lissette v. EOS CCA - Index No: 17467-QCV-2021

I received a summons and complaint in the above captioned matter at _____ _____ (insert address).

**PLEASE CHECK ONE OF THE FOLLOWING** (if No. 2 is checked, complete as indicated):

_____ 1. I am not in the military service.

_____ 2. I am in the military service, and my rank, serial number and branch of service are as follows:

Rank _____

Branch of Service _____

### TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: _____

I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print Name

_____
Name of Defendant Represented by Signatory Position of Signatory with Defendant (e.g., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

### Re: Walker, Lissette v. EOS CCA - Index No: 17467-QCV-2021

I received a summons and complaint in the above captioned matter at 700 Longwater Drive, Norwell, MA 02061 (via email) _____ (insert address).

**PLEASE CHECK ONE OF THE FOLLOWING** (if No. 2 is checked, complete as indicated):

__X__ 1. I am not in the military service.

_____ 2. I am in the military service, and my rank, serial number and branch of service are as follows:

Rank _____

Branch of Service _____

### TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: July 12, 2021

I affirm the above as true under penalty of perjury.

_____
Signature

Peter Garland
Print Name

EOS USA
Director of Legal and Compliance

Name of Defendant Represented by Signatory Position of Signatory with Defendant (e.g., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS
_____X

LISSETTE WALKER,

        Plaintiff,

-against-

EOS CCA,

        Defendant.
_____X

Index No.: **017467**

**SUMMONS**

Plaintiff's Residence Address:
168-21 106th Avenue
Jamaica, NY 11433

Defendant's address:
700 Longwater Dr
Norwell, MA 02061

The basis of this venue is:
Plaintiff's address

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Queens, New York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from June 10, 2021, together with the costs of this action.

Dated: June 10, 2021

Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
Attorney for Plaintiff
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Tel: (718) 674-1245

[STAMP: COPY ORIGINAL PAPERS RECEIVED AND FILED ON JUL - 6 2021 CIVIL COURT QUEENS COUNTY]

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS
_____X
LISSETTE WALKER,

        Plaintiff,

v.                                                              **VERIFIED COMPLAINT**

EOS CCA,

        Defendant.
_____X

Plaintiff, LISSETTE WALKER ("Plaintiff") brings this action complaint by and through her attorney, Subhan Tariq, Esq., against the Defendant, EOS CCA, ("Defendant") based upon information and belief of Plaintiff's counsel. Plaintiff respectfully sets forth, complains and alleges, the following:

## INTRODUCTION/ PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." § 1692(e).

1

3. After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k. Plaintiffs that make successful FDCPA claims against debt collector defendants are entitled to actual damages, statutory damages up to $1000.00, and attorney's fees. *Id.*

## PARTIES

4. Plaintiff LISSETTE WALKER is a natural person and a resident of the State of New York and is a "Consumer" as defined by the FDCPA. 15 U.S.C. § 1692a(3). A consumer under the act is defined as "any natural person obligated or allegedly obligated to pay a debt." *Id.*

5. Defendant, EOS CCA is a company engaged in the business of collecting debts with a principal place of business in Norwell, MA. Defendant is also a "debt collector" as defined by the FDCPA. A debt collector is defined as an entity whose existence "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

7. On or around February 2020, Plaintiff noticed that Defendant was reporting an account on her Experian credit report.

8. As a result, Plaintiff sent a debt validation request letter, dated March 16, 2020, to Defendant.

9. Plaintiff's debt validation request letter, dated March 16, 2020, was sent via certified mail.

10. According to USPS, Defendant received Plaintiff's debt validation request letter on April 8, 2020.

11. However, Plaintiff never received any validation documentation from Defendant.

12. As a result, Plaintiff sent a second debt validation request letter, dated August 17, 2020, to Defendant.

13. Plaintiff's debt validation request letter, dated August 17, 2020, was sent via certified mail.

14. According to USPS, Defendant received Plaintiff's debt validation request letter on August 24, 2020.

15. However, Plaintiff once again never received any validation documentation from Defendant.

16. Defendant violated the FDCPA by failing to carry out the necessary procedures associated with a consumer's rights to seek verification of an alleged debt.

17. Defendant has practiced unfair and deceptive means in its attempt to collect a debt, violating the catchall provision of the FDCPA designed to prevent such behavior.

18. These are clearly tactics to misinform, mislead, harass, or deceive consumers about the nature and status of their account so as to assist Defendant in its goal of collecting on debt from these consumers.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

20. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

21. Defendant is in violation of 15 U.S.C. §1692e – preface by not providing Plaintiff with the requested validation documentation.

22. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

23. Defendant is in violation of 15 U.S.C. §1692e(10) by not providing Plaintiff with the requested validation documentation.

24. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

25. Defendant is in violation of 15 U.S.C. § 1692f – preface by not providing Plaintiff with the requested validation documentation.

26. 15 U.S.C. § 1692g(b) requires a debt collector to cease collection efforts until the debt is validated.

27. Defendant is in violation of § 1692g(b) by continuing to report the EOS CCA account on Plaintiff's Experian credit report - despite not providing Plaintiff with the requested validation documentation.

28. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

29. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that Defendant's practices violated the FDCPA; and

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Queens, New York

June 10, 2021

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
34-18 Northern Blvd - Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

## VERIFICATION

Lissette Walker, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Lissette Walker, Plaintiff

Sworn to before me this 10 day of June, 2021

_____
Notary Public

NICHELLE L SMITH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SM6414820
Qualified in Queens County
My Commission Expires: 3/1/2025

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| **LISSETTE WALKER,**<br><br>            Plaintiff,<br><br>    v.<br><br>**EOS CCA**<br>**700 Longwater Dr.**<br>**Norwell, MA 02061**<br><br>            Defendant. | **INDEX NO.: 017467**<br><br>Plaintiff's Residence Address:<br>168-21 106th Avenue<br>Jamaica, NY 11433 |

### NOTICE OF REMOVAL TO FEDERAL COURT

To:    Subhan Tariq, Esq.                  Clerk, Civil Part
        The Tariq Law Firm, PLLC        Queens County Civil Court
        34-18 Northern Blvd – Suite 2-25   89-17 Sutphin Blvd.
        Long Island City, NY 11101         Jamaica, NY 11435
        *Plaintiff's Counsel*

**PLEASE TAKE NOTICE,** that Defendant EOS CCA has removed this action to the United States District Court for the Eastern District of New York by filing a Notice of Removal, a copy of which attached hereto as Exhibit A.

*REMAINDER OF THIS PAGE INTENTIONALLY BLANK*

Pursuant to 28 U.S.C. § 1446(d), no further proceedings in this case are permitted in this Court.

Respectfully submitted,

Dated: July 28, 2021

**GORDON REES SCULLY MANSUKHANI, LLP**

Matthew B. Johnson
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: 212-402-2298
Fax: 212-269-5505
MBJohnson@grsm.com
*Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2021, a true and correct copy of the foregoing was filed with the Civil Court of the City of New York, County of Queens via EDDS, and served via electronic mail to:

Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Ph: 718.674.1245
subhan@tariqlaw.com
*Attorneys for Plaintiff*

Dated: July 28, 2021

                              **GORDON REES SCULLY MANSUKHANI, LLP**

                              Matthew B. Johnson
                              One Battery Park Plaza, 28th Floor
                              New York, New York 10004
                              Tel: 212-402-2298
                              Fax: 212-269-5505
                              MBJohnson@grsm.com
                              *Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*