```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISSETTE WALKER,                                            :
                                                            :
                          Plaintiff,                        :
                                                            :
              v.                                            :   MEMORANDUM & ORDER
                                                            :   21-CV-4240 (WFK) (TAM)
EOS CCA,                                                    :
                                                            :
                          Defendant.                        :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**:

Lissette Walker ("Plaintiff") brings this action against EOS USA, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"). For the following reasons, this action is hereby remanded for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff initiated this action against Defendant, improperly named as EOC CCA, in the Civil Court of the City of New York for Queens County on or about July 6, 2021. Notice of Removal ¶ 1, ECF No. 1. As alleged in her Complaint, Plaintiff noticed Defendant was reporting an account on her Experian credit report. Complaint ¶ 7, ECF No. 1-2. As a result, Plaintiff sent two debt validation request letters to Defendant. *Id.* ¶¶ 8–10, 12–14. However, Plaintiff never received any validation documentation from Defendant. *Id.* ¶¶ 11, 15. On the basis of these facts, Plaintiff claims Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* by failing to provide Plaintiff with requested validation documentation, in violation of 15 U.S.C. §§ 1692e, 1692e (10), and 1692f, and by continuing to report the EOS CCA account on her Experian credit report despite failing to provide the requested validation documentation, in violation of 15 U.S.C. § 1692g(b). *Id.* ¶¶ 19–28. Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2), attorneys' fees and costs, and declaratory judgment. *Id.* at 5.

On July 28, 2021, Defendant removed this action from the Civil Court of the City of New

York, Queens County, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. On September 17, 2021, Defendant moved to dismiss this action for failure to state a claim. Def. Mot., ECF No. 7.

## DISCUSSION

The Court lacks subject matter jurisdiction over this action based on the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021).

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC*, 141 S. Ct. at 2203. A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id.* Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims. *Id.* Furthermore, remand to state court is proper when Article III standing is lacking in a case removed from state court. *See Gross v. TransUnion, LLC*, No. 21-CV-1329 (BMC), 2022 WL 2116669 (E.D.N.Y. June 13, 2022).

Even where Congress has created a statutory cause of action, a violation of that statute is not necessarily sufficient to establish an injury-in-fact for purposes of Article III standing. While "Congress may create causes of action for plaintiffs to sue defendants," "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by

a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC*, 141 S. Ct. at 2205 (emphasis in original).

Beyond the bare allegations of FDCPA violations, Plaintiff does not allege she suffered any particularized, concrete harm. Plaintiff states only that "[a]s a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA." Complaint ¶ 28. Thus, here, as in *Maddox*, Plaintiff has failed to allege any particularized or concrete injury resulting from her claims that Defendant violated the FDCPA. Nor has Plaintiff asserted a sufficient likelihood of future harm to establish such injury.

Because Plaintiff has not asserted an injury in fact sufficient to establish Article III standing, the Court remands this action to state court for lack of subject matter jurisdiction. *Juliano v. Citygroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) (Mauskopf, J.) ("[A] district court has an unflagging duty to raise the issue [of subject matter jurisdiction] *sua sponte* whenever jurisdiction appears to be lacking.").

## CONCLUSION

For the foregoing reasons, this action is hereby REMANDED to the Civil Court of the City of New York, Queens County for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2022
      Brooklyn, New York

3